**Opinion issued March 8, 2018**



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-18-00095-CR

————————————

**KEITH FRANCIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the County Criminal Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 2164860

## MEMORANDUM OPINION

Appellant, Keith Francis, pleaded guilty to the Class B misdemeanor offense of criminal trespass of a property/building—with notice that entry was forbidden, with an agreed punishment recommendation of twenty days' confinement in the

Harris County jail with seven days credit.[1]  In accordance with his plea bargain with the State, the trial court found appellant guilty and assessed his punishment at twenty days' confinement in Harris County jail with seven days credit.[2]  The trial court certified that this was a plea-bargain case and that appellant had no right of appeal, but appellant timely filed a pro se notice of appeal.  *See* TEX. R. APP. P. 25.2(a)(2), 26.2(a)(1).  We dismiss this appeal for want of jurisdiction.

In a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal.  TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2017); TEX. R. APP. P. 25.2(a)(2).  An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record.  TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

Here, the trial court's certification, included in the clerk's record filed with this Court, states that this is a plea-bargain case and that appellant has no right of appeal, and the trial court did not give its permission to appeal any matters.  *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615.  The clerk's record, including the plea waiver, supports the trial court's certification.  *See Dears*, 154 S.W.3d at 615.  Because appellant has no right of appeal, we must dismiss this appeal.  *See*

---

[1]     *See* TEX. PENAL CODE ANN. § 30.05(a)(1), (d)(1) (West 2011).

[2]     *See* TEX. PENAL CODE ANN. § 12.22(2) (West 2011).

*Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f).

**PER CURIAM**

Panel consists of Justices Jennings, Keyes, and Higley.

Do not publish.   TEX. R. APP. P. 47.2(b).